[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The 38 year old plaintiff wife has brought the present action against the 41 year old defendant husband seeking a dissolution of their marriage that took place at Waterbury, Connecticut on May 23, 1970 on the ground of irretrievable breakdown. The court has jurisdiction based on the plaintiff's continuous residence in this state for a year prior to the issuance of the summons dated July 2, 1991. Four children were born to the plaintiff issue of the marriage but only two survive, David Martin Rodriguez born February 15, 1983 and Stephanie Rodriguez, born May 15, 1984. Their first child was killed in a tragic accident and the other child died of leukemia. Their son David has a hearing loss and a learning disability and requires special schooling. Their daughter requires speech therapy.
The parties' marriage experienced strain almost from its beginning. A separation occurred in 1971 that lasted overnight while the plaintiff stayed at her mother's. A second separation occurred due to the parties' finances and their inability to handle the recurring monthly expenses. A third separation occurred in 1977 subsequent to physical abuse the defendant inflicted upon the plaintiff which he also did on other occasions during the marriage.
In 1981 the plaintiff left for Puerto Rico where she remained, employed, until she returned to Connecticut after their child, Jonathan, was diagnosed as having leukemia.
The parties' final separation occurred in June, 1991.
During 1989 and 1990 the plaintiff worked for Head Start and CT Page 3403 presently her employment extends over the school year.
It should be noted that the parties lived in the defendant's parents' house throughout the marriage.
Each party accused the other of infidelity during the marriage. The plaintiff committed a welfare fraud requiring a pay-back to the state. The defendant was injured and received a workers' compensation specific injury award of $13,000 of which $8,000 was spent on a truck and the balance to pay bills.
The defendant has been employed at Sikorsky Aircraft since 1979 where he has a vested pension contributed to solely by the employer, (Plaintiff's Exhibit B). His estimated monthly pension benefit accrued to date is $210.54 commencing on March 1, 2007 at age 55.
The parties purchased a mobile home at Lake Aventure, Milford, Pennsylvania, situated on a condominium unit lot which was paid for with insurance proceeds received as a result of the death of their child from leukemia. The defendant values it at $10,000 which the plaintiff does not dispute. The parties also acquired farmland located in Puerto Rico that was originally in the defendant's family for which the parties paid $2,500.
Since the institution of this action the defendant withdrew $14,226.48 from the Sikorsky savings plan in December, 1991 which represented savings from May, 1986, and closed the account, (Plaintiff's Exhibit B). The defendant has $31,000 life insurance coverage through his employer as well as an accidental death rider for an additional $31,000 on which the plaintiff is named beneficiary. There are three whole life insurance policies written on the defendant's life that the defendant listed on his amended financial affidavit. The primary beneficiary was not clear to the court since the policies were not produced.
The plaintiff and the minor children are currently covered on his employer's medical insurance. The cost for the plaintiff to continue on through COBRA is $191.59 for medical and $18.36 or dental monthly. However, the plaintiff's employer provides medical coverage. There is a 1988 truck registered to the plaintiff which the defendant uses and with which he had an accident. There is a 1991 Ford Escort registered to the defendant which is used by the plaintiff, subject to a loan costing the plaintiff $143.42 monthly since June, 1991. Finally, since this CT Page 3404 suit was brought the defendant spent an I.R.S. refund check for $3,500.00.
Having reviewed the evidence in light of the statutory criteria, the court enters a judgment on the amended complaint dissolving the parties' marriage on the ground of irretrievable breakdown and, as part of the judgment, enters the following orders.
1. The plaintiff is awarded periodic alimony of $42 weekly, payable by the defendant until the remarriage of the plaintiff or the death of either party, and secured by the same wage withholding order that secures the child support order.
2. The plaintiff is awarded sole legal custody of the minor children. The defendant is awarded reasonable visitation rights including every other weekend from Friday at 5:00 p.m. until Sunday at 5:00 p.m.
3. The defendant is ordered to pay the plaintiff the sum of $208 weekly as child support, secured by a wage withholding order. If the parties do not agree that the withholding order is contingent by filing the proper form, a hearing may be held pursuant to statute to determine same.
4. The defendant shall continue to maintain the minor children on all available medical/dental insurance as his employer's and this order incorporates 46b-84(c), Connecticut General Statutes. The parties shall divide, equally, any uninsured bill balances or deductibles incurred for the care of the minors.
5. The defendant shall name and maintain the two minor children as primary beneficiaries on his employer's life coverage in the principal sum currently of $31,000 as well as the supplemental ADD $31,000 until the younger child attains majority.
6. The defendant shall assign all whole life policies owned by the defendant and insuring his life and the children's lives to the plaintiff.
7. The plaintiff's interest in the Puerto Rico farmland's awarded to the defendant and the plaintiff is ordered to execute all such documents necessary to effect this order. CT Page 3405
8. The Lake Adventure condo unit land and the mobile home thereon are awarded to the plaintiff and the defendant is ordered to execute all such documents necessary to effect this order.
9. The plaintiff is awarded sole ownership of the 1991 Ford Escort. Since there remains a loan balance, the defendant is ordered to pay the monthly installments until the loan is paid in full and he shall assign the title to the plaintiff when it can be obtained from the creditor. This order is in the nature of alimony necessary for the support of the plaintiff and her continued ability to work, and shall not be discharged in a bankruptcy proceeding.
10. The defendant is awarded sole ownership of the pick-up truck. The plaintiff is ordered to assign the certificate of title to the defendant.
11. The defendant is ordered to be solely responsible for all motor vehicle taxes assessed on either vehicle and falling due on or before January 31, 1993.
12. The defendant shall be solely responsible for any claims arising from his use of the truck and he shall hold the plaintiff harmless and indemnified and this order is also for the plaintiff's continued economic welfare as alimony and support.
13. Each party shall pay the respective liabilities listed on their respective financial affidavits and shall hold the other party harmless and indemnified.
14. Plaintiff's Exhibit A lists 28 items of personal property which were possessed by the parties during their marriage. The plaintiff is awarded 3, 8, 13, 14, 16, 19, 21, 25, 26, 27 and 28. All remaining items are awarded to the defendant.
15. All other miscellaneous assets listed on each party's affidavit not otherwise subject to order shall remain the property of the party so listing them.
16. The plaintiff's maiden name Melendez is restored to her. Counsel for the plaintiff is directed to prepare the judgment file.
HARRIGAN, J. CT Page 3406